

**SIGNED this 06th day of May, 2010.**

_____
**CRAIG A. GARGOTTA
UNITED STATES BANKRUPTCY JUDGE**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 09-10272-CAG |
| | § | |
| JOHN N. SCHELLENBERG and, | § | CHAPTER 7 |
| LISA R. SCHELLENBERG, | § | |
|    Debtors. | § | |

### ORDER GRANTING CHAPTER 7 TRUSTEE'S OBJECTION TO DEBTORS' AMENDED SCHEDULE C PROPERTY CLAIMED AS EXEMPT

Came on to be considered the Chapter 7 Trustee's Objection to Debtors' Amended Schedule C Property Claimed as Exempt (Doc. #92) and the Debtor's Response (Doc. #101). The Court finds that the Chapter 7 Trustee's Objection should be granted and the exemptions disallowed.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §157(b)(1) and §1334. This matter is deemed a core proceeding under 28 U.S.C. §157(b)(2)(B) (matters regarding exemptions from property of the estate). Venue is proper under 28 U.S.C. §§1408 and 1409. This matter is referred to this Court pursuant to the District's Standing Order of Reference.

## BACKGROUND

The Debtors filed a Chapter 13 petition for relief on February 2, 2009. The purpose of the filing was to protect from foreclosure a horse ranch that the Debtors had built that was to serve as the Debtors' homestead and horse training business. The Debtors had borrowed $772,000 from First State Bank of Central Texas ("FSBCT") on or about August 10, 2006. *See* FSBCT's Motion for Relief from Stay (Doc. #7). The Note was renewed and extended twice. The Note matured on September 6, 2008. As such, on the date of petition, the Debtors owed the full amount of the Note plus accrued interest in the amount of $802,045.06.

At the hearings on FSBCT's Motion for Relief from Stay, Mrs. Schellenberg testified that it was her life's dream and ambition to operate a horse business. She further testified that the Chapter 13 filing was to halt foreclosure and to find alternative financing. The Debtors were unable to find alternative financing and the Court granted FSBCT's Motion for Relief from Stay which allowed FSBCT to conduct a foreclosure on August 4, 2009.

On or about March 5, 2009, the Debtors filed their Schedules. The Debtors' homestead property was listed as exempt with a value that exceeded the debt by roughly $575,000. As is customary with nearly all bankruptcy filings in Texas, the Debtors claimed state exemptions pursuant to 11 U.S.C. §522(b)(3). As such, under TEX. CONST. PROP. CODE §§41.001-.002, the Debtors' homestead property was completely exempted.

After FSBCT conducted its foreclosure, the Debtors converted their case to Chapter 7 on September 10, 2009 (Doc. #78). The Debtors then filed Amended Schedules on October 30, 2009 (Doc. #88). The Debtors switched the basis of their exemptions to federal exemptions under 11 U.S.C. §522(b)(2). Notably, the Debtors did not list their homestead property or its purported equity in their Amended Schedules because the property had been foreclosed.

Because the Debtors had switched from state to federal exemptions upon conversion to Chapter 7, and also because the Debtors no longer claimed a homestead exemption, the Debtors were able to exempt property after conversion to Chapter 7 that the Debtors did not exempt when they filed Chapter 13. Specifically, the Debtors now have exempted four checking and one savings account in the aggregate amount of $3,068.55. Further, they have exempted a personal injury award with a stated recovery of $15,000.10 and some miscellaneous items in the amount of $225.

The Chapter 7 Trustee filed his Objection to Debtors' Amended Schedule C Property Claimed or Exempt on November 25, 2009 (Doc. #92). The Chapter 7 Trustee does not dispute the Debtors' right to file amendments to their Schedules. *See* Fed.R.Bankr.P. 1009(a).[1] That said, the Trustee argues that the Debtors have already removed real property from the bankruptcy estate by exempting the real property under Section 522(b)(3). In doing so, the Debtors also removed the purported equity of over $568,000 in the property. The fact that the property was foreclosed upon does not change the real property's exempt status. Now the Debtors wish to exempt even more property from the estate by using federal exemptions. The Trustee asserts that switching exemptions is prejudicial to creditors.

The Debtors contend that there is no prejudice to the Chapter 7 Trustee because the Debtors claim that the Fifth Circuit focuses on whether there is prejudice to a creditor who relied on the Debtors' exemptions before conversion. *See* **In re Williamson**, 804 F.2d 1355, 1358 (5th

---

[1] Fed.R. Bankr.P. 1009(a) states that:

(a) General right to amend
A voluntary petition, list, schedule, or statement may be amended by the debtor as a matter of course at any time before the case is closed. The debtor shall give notice of the amendment to the trustee and to any entity affected thereby. On motion of a party in interest, after notice and a hearing, the court may order any voluntary petition, list, schedule, or statement to be amended and the clerk shall give notice of the amendment to entities designated by the court.

Cir. 1986). As such, because the Chapter 7 Trustee was not a party during the Chapter 13 bankruptcy, there can be no detrimental reliance by the Chapter 7 Trustee. Moreover, the Debtors contend there is no prejudice to the Chapter 13 Trustee because she cannot liquidate property.

Also, the Debtors that contend even if the Court were to analyze the matter from the perspective of a hypothetical unsecured creditor, there is still no prejudice because it was unlikely that the Debtors could have sold their homestead for the stated equity. Moreover, FSBCT did foreclose on the property, leaving no equity to anyone. The Debtors also contend that there has been no showing that any party/creditor detrimentally relied on the Debtors' initial exemptions such that they are prejudiced by the amended exemptions.

## ANALYSIS

The Chapter 7 Trustee is correct in his arguments. The Fifth Circuit held in *In re Williamson*, 804 F.2d 1355, 1358 (5th Cir. 1986) that exemptions, for purposes of when they are determined in a case converted from Chapter 11 to Chapter 7, are determined on the petition date. The Fifth Circuit did, however, recognize that amendments under Rule 1009 are liberally construed if there was no bad faith or prejudice to creditors. *Id.* Similarly, in *In re Sandoval*, 103 F.3d 20 (5th Cir. 1997), the Fifth Circuit held that a homestead exemption in a case converted from Chapter 13 to Chapter 7 is determined on the petition date.

This Court was required to analyze whether a debtor could amend its petition from a small business debtor case to simply a Chapter 11 case after denying confirmation in *In re Save Our Springs*, 393 B.R. 452 (Bankr. W.D. Tex. 2008) ("SOS"). At issue as well in SOS was the ability to amend a petition under Rule 1009(a). This Court noted the prejudice to the objecting party in SOS under the doctrine of judicial estoppel and equitable estoppel. The Court found that in applying the Fifth Circuit's holdings in *Williamson* and *Sandoval* to SOS that it would be

4

inequitable to allow the debtor to amend its petition after allowing the confirmation process to proceed given that the creditor had relied upon the debtor's assertions that it was a small business debtor. Further, as noted in SOS, there is a point during the pendency of a case where all parties have relied upon debtor's conduct for purposes of litigating their rights under the Bankruptcy Code.

In SOS, the party who prevailed upon its objection to debtor's plan confirmation had relied upon both the Code and the Rules as they relate to a small business case. As such, had the Court allowed the petition to be amended, it not only would have changed the whole litigation process, but it would have also given the debtor a further opportunity to reorganize where it did not have that right as a small business debtor.

The same rationale applies here. As the Trustee points out, exemptions are determined on the date of petition, not conversion. Further, although Rule 1009(a) does allow for liberal exemptions, exemptions can only be allowed under applicable law. The Debtors elected to file Chapter 13 and protect their perceived equity in their homestead. The Chapter 13 case failed. The conversion to Chapter 7 affords the Chapter 7 Trustee the ability to administer non-exempt assets. As such, the Debtors' cash, personal injury award, and miscellaneous personal property are subject to administration. The Debtors are incorrect in their assertion that there is no prejudice – both the Chapter 13 and 7 Trustees relied upon the original claim of exemptions as did the creditors. To allow the Debtors to amend their exemptions gives them the ability to exempt more property than was originally claimed and was originally exempt. The Trustee's Objection is GRANTED. SO ORDERED.

# # #